JOHN S. PENNINGTON, Trustee, &c. v. MARY PENNINGTON.

Where a trustee, under a deed conveying lands *in trust*, to secure the payment of certain debts, entered after the death of the trustor, and made sale of the lands so conveyed, a condition of said sale being that the purchaser thereat should be put into possession of said land by the trustee, (the land at the time being in the possession of the widow of said trustor): IT WAS HELD, that putting the purchaser into possession will not meet the requirements of this condition, unless the cloud over the title be removed, by having the fact judicially established, that there remained debts secured by the deed of trust, unsatisfied, so as to support the sale made by the trustee.

This was a CIVIL ACTION, in the nature of *Ejectment*, tried before his Honor, Judge CLOUD, in the Superior Court of Davie County, at its Spring Term, 1876.

The following are substantially the facts, sent to this Court as a statement of the case by his Honor, the presiding Judge.

The action was originally commenced against Mary Pennington for the recovery of the possession of a certain tract, claimed by plaintiff under a mortgage, executed and delivered by the then owner of said land, one Claiborne Pennington, to secure certain debts therein mentioned. Before the commencement of this action, the mortgagor, Claiborne Pennington, died.

Mary Pennington died in 1874; and at the Fall Term of Davie Superior Court, in that year, and after the death of said Mary had been suggested, the plaintiff filed the following affidavit:

John S. Pennington maketh oath, that Claiborne Pennington, on the 26th day of August, 1858, duly executed a deed of trust to affiant as trustee, to secure a large amount of indebtedness of the said Claiborne, some three thousand dollars, or more, upon which affiant was security. That by said deed of trust, the tract of land, in controversy in this

action, was conveyed to affiant, and affiant was authorized thereby to sell said land, upon the default of said Claiborne to pay said debts.

That said Claiborne failed to pay a large part of said debts; and upon such default, and at the time, and in the manner specified in said deed, this affiant entered upon and made sale of said land,—a condition of which sale was, that the purchaser should be put into possession of said land by this affiant—and this suit was brought for that purpose.

That a large amount of said debts are still unpaid.

That on the 15th day of October, 1859, said Claiborne executed another deed in trust, conveying the same land and some other articles, for the purpose above set forth, and both of said deeds of trust have been registered.

That this action was originally brought against Mary Pennington, the widow of said Claiborne, who continued living on the land after the death of her said husband; and at the death of the said Mary having been suggested at the last term of this Court, notice was issued to her children, G. B. Pennington, D. S. Pennington and Sallie Crowell, to come in and make themselves parties, which notice has been returned, " duly executed." That said G. B. Pennington, D. S. Pennington and Sallie Crowell, are wholly insolvent and unable to pay any amount for rents and profits, which may hereafter be recovered in this action.

That said tract contains one hundred and fifteen acres of land, and is worth an annual rental of one hundred dollars at least.

(<i>Signed,</i>)            J. S. PENNINGTON.

<i>Sworn,</i>" &c.

At Fall Term, 1875, the notice having been served on the heirs-at-law of Claiborne Pennington, the plaintiffs moved for judgment against said heirs, which motion was adjourned by consent, to be heard at Rowan Superior Court,

before Judge CLOUD.  It was not then heard, and the plaintiff renewed it at Spring Term, 1876, of Davie Superior Court.  At said term, the heirs-at-law moved to be permitted to answer and file a bond, which motion the Court refused, as not being made in apt time, ruling that the said motion should have been made at the term preceding.  From this ruling the heirs appealed.

*Bailey*, for appellants.
*Clement*, contra.

PEARSON, C. J.  The plaintiff derives his title under a deed executed to him by Claiborne Pennington, in trust to secure certain debts, with power of sale, &c.  After the death of said Claiborne, the plaintiff entered and made sale, " a condition of which sale was that the purchaser should be put in possession of said land by this affiant, and this suit was brought for that purpose."  See affidavit of plaintiff, Fall Term, 1874.  It is clear that "putting the purchaser into possession " will not meet the requirements of this condition, unless the cloud over the title be removed by having the fact judicially established that there remained debts secured by the deed of trust unsatisfied, so as to support the sale made by the trustee ; and it is also clear that the judgment in this case does not remove the cloud from the title.  Thus an action which has been pending some four or five years, in which there was an order of reference to state the account of the trust fund, which order for some cause not explained is set aside, results in a judgment that " plaintiff recover possession of the land ;" which possession the purchaser if well advised will decline to take, because the cloud is not removed from the title.

Mary Pennington, who was the widow of Claiborne Pennington, had no title to the land, and could not contest the right of the plaintiff to sell, because of the alleged default

of her husband in failing to satisfy the debts secured by the deed of trust. So the plaintiff made a wrong start in bringing the action against her. At her death, "her heirs-at-law," whom the plaintiff sought to make defendants in her stead, could not contest the question of the right of the plaintiff to sell. So the plaintiff was at fault in making his second move in the proceeding.

When at last the plaintiff gets right in his proceeding, and the heirs of Claiborne Pennington being notified, propose to give bond for the rents, &c., and make themselves parties defendants to contest the right of the plaintiff to make the sale, the case takes a strange turn; the plaintiff objects to having the very purpose for which the suit was brought effected, by a trial between the proper parties! although the heirs of Claiborne Pennington offer as a condition to their application to give bond for the rents, &c.

This offer is so much calculated to effect the purposes of justice, and to carry into effect the condition upon which the purchaser bid off the land, that we are forced to believe his Honor would not have refused the motion of the defendants, and given a presumptuous judgment that plaintiffs recover possession of the land, unless he had felt himself constrained by what he considered to be the proper construction of the statute. Bat. Rev., chap. 17, sec. 64. In case of death, the Court at any time within one year thereafter or afterwards, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest.

We are of opinion that his Honor erred as a matter of law in the opinion that the case before him could be brought within the meaning of this statute, and that the defendants did not apply "in apt time."

At the death of Mary Pennington the plaintiff would have been out of Court by the abatement of his action, but

for this enactment. So it was for him to invoke its aid by proceeding "in apt time."

Supposing plaintiff to have kept himself in Court by the proceedings against the defendants, first as the heirs of Mary Pennington, and afterwards as the heirs of Claiborne Pennington, we are at a loss to see on what ground he was entitled to judgment for the possession of the land, without showing title to it, both at law and in equity.

Under the old mode of procedure, the plaintiff, in an action of ejectment against Claiborne Pennington, or any one claiming under him, would have been entitled to judgment by force of the deed of trust simply, and the defendant would have been obliged to resort to equity to have the question in regard to unsatisfied debts settled—and in the mean time for and injunction, &c.

Under the new mode of procedure, the plaintiff cannot rest upon the deed of trust alone—but must meet the equity of the defendants by proof that all or some part of the debts are unsatisfied. It may be that if plaintiff in his action against Mary Pennington had contented himself by treating her as a wrongdoer, and demanding judgment for the land, this equitable element would not have come before the Court.

But after her death he relies on it in order to conclude the defendants as heirs of Claiborne Pennington, and of course could not entitle himself to judgment without meeting this equity, and proof that he had a right to sell under the power of the deed of trust.

There is error. Judgment reversed.

This case will be remanded, to the end that the plaintiff proceed as he may be advised.

PER CURIAM.                    Judgment reversed.